NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CATHERINE LYNN HART, *Appellant.*

No. 1 CA-CR 17-0323
FILED 4-12-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201600177
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Paul J. McMurdie joined.

---

C A M P B E L L, Judge:

¶1        Catherine Lynn Hart timely appeals from her convictions and sentences for: one count of transportation of dangerous drugs for sale (methamphetamine), a class 2 felony; one count of possession of a dangerous drug for sale (methamphetamine), a class 2 felony; and one count of possession of drug paraphernalia (methamphetamine), a class 6 felony. After searching the record on appeal and finding no arguable question of law that was not frivolous, Hart's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. This court granted counsel's motion to allow Hart to file a supplemental brief *in propria persona*, but Hart did not do so. After reviewing the entire record, we find no reversible error and, therefore, affirm Hart's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2        In late January 2016, Hart drove Nicole Parker from Bullhead City, Arizona to Calexico, California. There, Parker retrieved three bundles of methamphetamine that were thrown over the border wall between the United States and Mexico. Hart and Parker then stopped at a gas station, where Hart purchased peanut butter and saran wrap. Inside Hart's vehicle, Parker wrapped the methamphetamine bundles in layers of peanut butter and saran wrap in an attempt to mask the drug's smell and avoid detection at a border-patrol checkpoint. Hart and Parker returned undetected to Bullhead City with the methamphetamine. Parker gave Hart a small amount of methamphetamine and Hart allowed Parker to stay at her house. Thereafter, police officers observed several other people they knew to be involved in drugs enter and then soon leave Hart's home. The police executed a search warrant on Hart's home, and Hart admitted to the police

---

[1] We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Hart. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

both that she was using meth and that she had a meth pipe in her pocket. The police also located bundles and smaller bags of methamphetamine inside of Hart's purse in her bedroom.

¶3        After trial, the jury found Hart guilty on all three counts. The court sentenced her to the presumptive term of 10 years for the transportation charge, the presumptive term of 10 years for the possession charge, and the presumptive term of 1 year for the drug paraphernalia charge, all running concurrently. The court awarded her 67 days of presentence incarceration credit.

## DISCUSSION

¶4        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Hart received a fair trial. She was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶5        The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charges, Hart's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Hart was given an opportunity to speak at sentencing, and her sentences were within the range of acceptable sentences for her offenses.

## CONCLUSION

¶6        We affirm Hart's convictions and sentences.

¶7        After the filing of this decision, defense counsel's obligations pertaining to Hart's representation in this appeal have ended. Defense counsel need do no more than inform Hart of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶8**        Hart has 30 days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Hart 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA